In the Matter of GREAT LAKES DREDGE & DOCK CO., Petitioner, v. STATE TAX COMMISSION, Respondent.

Third Department, February 6, 1975.

*McHugh, Heckman, Smith & Leonard* (*James M. Leonard* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondent.

KANE, J. Petitioner, a New Jersey corporation authorized to do business in New York, seeks to annul a determination of the State Tax Commission which, following a hearing, assessed a sales and use tax against it for a taxable period from August 1, 1965 through May 31, 1968. The amount of the tax is not contested. Instead, petitioner claims a total exemption therefrom by reason of paragraph (8) of subdivision (a) of section 1115 of the Tax Law which provides relief from such taxes when arising from "commercial vessels primarily engaged in interstate or foreign commerce and property used by or purchased for the use of such vessels for fuel, provisions, supplies, maintenance and repairs (other than articles purchased for the original equipping of a new ship)."

Petitioner is a marine contractor primarily engaged in dredging operations. During the questioned tax period it performed work in Albany County, Erie County and the City of New York which involved, *inter alia*, the dredging, widening and excavation of navigable waterways in those areas. To accomplish these tasks, petitioner employed several floating dredges, cranes, drillboats, tugs, scows, barges and launches, purchasing the ordinary supplies for their use as needed. Although some of this equipment was not itself deemed subject to tax for reasons not here relevant, respondent imposed a sales or use tax on certain remaining equipment and on all the supplies engaged or consumed in furtherance of the New York projects.

In *Matter of Atlantic Gulf & Pacific Co.* v. *Gerosa* (16 N Y 2d 1), certain compensating use tax features of the Administrative Code of the City of New York and regulations promulgated thereunder were examined by the Court of Appeals. The foreign corporation involved in that case was found liable for such taxes arising from the use of a dredge and certain pipes brought by it into the city for work on a harbor project but removed thereafter, despite its objection that the tax placed an unconstitutional burden on interstate commerce. The Tax Com-

mission's argument that this opinion somehow characterizes dredging operations as a local activity, intrastate in nature from which a "taxable moment" could occur, is not dispositive of the issues presented in this proceeding. In the first place, the statutory scheme reviewed therein was totally devoid of any language of exemption similar to that now contained in paragraph (8) of subdivision (a) of section 1115 of the Tax Law. In addition, the court plainly stated that the mere possibility of multiple State taxation would not suffice to support a viable constitutional objection (16 N Y 2d 1, 6). However, the petitioner here is not pressing any constitutional claim; it merely desires an exemption within the existing tax structure.

The question of whether petitioner has demonstrated entitlement to this particular exemption appears to be one of first impression. Nevertheless, we find respondent's present determination to be without substantial evidentiary support and clearly erroneous. There is and can be little doubt but that the taxed supplies were used on taxed equipment constituting "commercial vessels." Thus, both categories would be exempt if those vessels were further demonstrated to be "primarily engaged in interstate or foreign commerce". As noted, the Tax Commission maintains that dredging activities in New York are purely intrastate in nature and contends, alternatively, that petitioner failed to adduce sufficient proof of interstate movement of these vessels to permit a finding that they were engaged in the requisite type of commerce. We find these contentions unacceptable. Petitioner's business is the improving of the very arteries of interstate travel and certainly such activities must be construed as "interstate commerce" within the contemplation of the statute (cf. *Southern Pac. Co.* v. *Gallagher,* 306 U. S. 167). In addition, there was abundant proof that, wholly apart from the work actually performed in this jurisdiction, petitioner's vessels were continually moved, both before and during the tax period, from State to State and did not come to rest for use or consumption in the local business of this State (cf. *Henneford* v. *Silas Mason Co.,* 300 U. S. 577). The determination should be annulled, and the petition granted, with costs.

HERLIHY, P. J., GREENBLOTT, MAIN and REYNOLDS, JJ., concur.

Determination annulled, and petition granted, with costs.